IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**BRIAN J. FRY,**

                     **Plaintiff,**

             **v.**                              CASE NO. 10-3050-SAC

**SARA S. BEEZLEY,**

                     **Defendant.**


                              **O R D E R**

    This matter is before the court on a complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a person confined in Larned State Hospital pursuant to the Kansas Sexually Violent Predator Act. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Having reviewed plaintiff's limited financial resources, the court grants plaintiff's motion for in forma pauperis status. Because plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), he incurs no obligation to pay the $350.00 district court filing fee in this matter, and his institutional account is not subject to the automatic collection provision in 28 U.S.C. § 1915(b)(2). See Merryfield v. Jordan, 584 F.3d 923 (10th Cir. 2009)(one civilly committed under Kansas Sexually Violent Predator Act is not a "prisoner" as defined by 28 U.S.C. § 1915(h), thus motion to proceed in forma pauperis is not subject to fee provisions applicable to "prisoners" set forth in 28 U.S.C. § 1915).

    Plaintiff states in his supplemented complaint that he is seeking the return of a "black oval satellite federal communicator"

"worn on the left side of [his] forehead" that he claims he gave to Sara Beezley, an attorney who represented plaintiff in a state criminal proceeding more than four years ago. Plaintiff further states he inherited this $10,000 device through a person in New York, and that the device was given to plaintiff for "safety and private pre-approved information in collaboration of my life." Plaintiff claims Beezley, the sole defendant named in this action, refuses to return the device and has threatened plaintiff.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss a complaint brought be a person proceeding in forma pauperis if the court finds the complaint is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action is frivolous [or] fails to state a claim on which relief may be granted ..."). Section 1915(e) applies to all in forma pauperis litigants, including non-prisoners. Fogle v. Pierson, 435 F.3d 1252, 1257-58 (10th Cir. 2006), *cert. denied*, 549 U.S. 1059 (2006); Lister v. Department Of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." Denton v. Hernandez, 504 U.S. 25, 27 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the present case, plaintiff's claims of theft by deception, fraud, and making a terroristic threat clearly state no claim for

relief.

It is well established that 42 U.S.C. § 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985). To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must be able to establish that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and that the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff can make no such showing because the sole defendant named in the complaint is not a person acting under color of state law for the purpose of proceeding under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law).

Nor do plaintiff's allegations present a violation of plaintiff's rights under the Constitution or federal law, as § 1983 imposes no liability for violations of duties of care arising out of state tort law. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 201-03 (1989).

Accordingly, finding plaintiff's allegations lack an arguable basis in fact or law for seeking relief under § 1983 from defendant Beezley, and finding it apparent on the face of the pleading that providing plaintiff an opportunity to amend his complaint would be futile, the court concludes this action should be summarily

3

dismissed pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) and (ii). Dismissal of the complaint will be without prejudice to plaintiff's filing of a state court action to the extent, if any, state law allows.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that plaintiff is not obligated to pay the $350.00 district court filing fee in this civil action because he is not a "prisoner" as defined by 28 U.S.C. § 1915(h).

IT IS FURTHER ORDERED that the complaint is dismissed as frivolous and as stating no claim for relief under 42 U.S.C. § 1983, and without prejudice to any claim available to plaintiff in the state courts.

**IT IS SO ORDERED.**

DATED: This 6th day of April 2010 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge